IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,
    v.
HENRY J. LOGAN,
    Movant,

: Case No. 3:08-cr-18-KRG-KAP
: Case No. 3:12-cv-57-KRG-KAP

## Report and Recommendation

### Recommendation

Pending is Henry Logan's motion to vacate, filed pursuant to 28 U.S.C.§ 2255, docket no. 120 (at the criminal case), referred to me pursuant to 28 U.S.C.§ 636(b)(1)(B). I recommend that it be summarily denied without amendment because no amendment can cure the defect in the motion. No certificate of appealability should be granted.

### Report

Logan entered a negotiated plea of guilty on December 2, 2009, see docket no. 110 (Plea Transcript), docket no. 94 (plea agreement) 1, and was sentenced to 216 months imprisonment on April 7, 2009. See docket no. 103 (minute entry), docket no. 105 (Judgment and Commitment Order), docket no. 109 (Sentencing Transcript). Paragraph 10 of the plea agreement, filed at docket no. 94, contained a waiver of the right to file a direct appeal, except in two circumstances not applicable here, and a waiver of Logan's right to file a motion to vacate sentence under 28 U.S.C.§ 2255, or any other collateral proceeding attacking his sentence. Logan nevertheless took a direct appeal from the sentence, but the Court of Appeals enforced the waiver provision of the plea

agreement and summarily dismissed the appeal on July 13, 2010; the mandate issued on October 4, 2010. docket no. 113, <u>United States v. Logan</u>, No. 10-2106 (3d Cir. October 4, 2010).

Waiver agreements are valid and enforceable if they are adequately explained by the sentencing judge in the plea colloquy. <u>See</u> Fed.R.Crim.P. 11(b)(1)(N); <u>United States v. Goodson</u>, 544 F.3d 529 (3d Cir.2008). That is the case here. Plea Transcript at 16-17. The government must also invoke the waiver, but it would be foolish to go through the delay of the <u>Miller</u>-notice procedure before learning the government's intent, when the government has already signaled its willingness to invoke the waiver provision.

Pursuant to 28 U.S.C.§ 636(b)(1), the parties are given notice that they have fourteen days to serve and file written objections to this Report and Recommendation. During that time the government shall either formally invoke the terms of the waiver agreement or state that it prefers to have Logan's motion to vacate heard on its merits, and Logan shall file any evidence or make any argument challenging the enforceability of the waiver agreement.

DATE: March 21, 2012

Keith A. Pesto,
United States Magistrate Judge

Notice to counsel of record by ECF and by U.S. Mail to:

Henry Logan JU-6333
S.C.I. Chester
500 E. 4th Street
Chester, PA 19013